552-16

CAUSE NO. CR13-00337        ORIGINAL

(FROM NO. 12-15-00137-CR COURT OF APPEALS FOR THE TWEITH DISTRICT)

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

MICHAEL VINCENT MOORE,
APPELLANT,

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 20 2016

Abel Acosta, Clerk

VS.

THE STATE OF TEXAS
APPELLEE

FILED IN
COURT OF CRIMINAL APPEALS

MAY 20 2016

Abel Acosta, Clerk

APPELLANT'S   PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW MICHAEL V. MOORE, APPELLANT HERIN, AND
PETITIONS THE COURT TO REVIEW THE ACTION OF THE COURT
OF APPEALS AFFIAMING THE TRIAL COURT'S JUDGMENT.
(DEFENDANT PRO-SE / APPELLANT BRIEF)

# TABLE OF CONTENTS

PAGE

COVER PAGE - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - i

TABLE OF CONTENTS - - - - - - - - - - - - - - - - - - - - - - - - ii

IDENTIFICATION OF PARTIES - - - - - - - - - - - - - - - - - - iii

INDEX OF AUTHORITIES - - - - - - - - - - - - - - - - - - - - iv

STATEMENT REGARDING ORAL ARGUMENT - - - - - - - - - - - - V

STATEMENT OF THE CASE - - - - - - - - - - - - - - - - - V

ISSUES PRESENTED - - - - - - - - - - - - - - - - - - - V

STATEMENT OF PROCEDURAL HISTORY - - - - - - - - - - - - 1

STATEMENT OF FACTS - - - - - - - - - - - - - - - - - 2-3

SUMMARY OF ARGUMENT ISSUE NUMBER 1 - - - - - - - - - 4

SUMMARY OF ARGUMENT ISSUE NUMBER 2 - - - - - - - - 5

SUMMARY OF ARGUMENT ISSUE NUMBER 3 - - - - - - - 6

COURT OF APPEALS "OPINION"          (ATTACHED)

CONCLUSION AND PRAYER FOR RELIEF - - - - - - - - - - 7

CERTIFICATE OF NOTICE/SERVICE - - - - - - - - - - - 7

INMATE DECLARATION - - - - - - - - - - - - - - - 7

APPELLANT RESPONCE TO COURT OF APPEALS OPINION (ATTACHED TO OPINION)

MOTION TO SUSPEND     9.3(b) T.R.A.P.     (ATTACHED)

ORIG: COURT OF CRIMINAL APPEALS — AUSTIN, TX.

CC : STATE PROSECUTING ATTORNEY — TYLER, TX./AUSTIN, TX.

" " : DISTRICT ATTORNEY — VAN ZANDT COUNTY, TX.

" " : APPELLANT

CAUSE No. CR13-00337 / APPEAL No. 12-15-00137-CR

APPELLANT / PETITIONER RESPONCE TO COURT OF APPEALS JUDGMENT

TO: THE HONORABLE JUDGE(S) OF COURT OF CRIMINAL APPEALS:

COURT OF APPEALS TWELTH DISTRICT OF TEXAS AT TYLER ON April 29, 2016 HAS ISSUED AFFIRMATIVE FINDING IN ERR TO APPELLANT'S BRIEF AND NOW APPELLANT FILES TIMELY: "PETITION FOR DISCRETIONARY REVIEW" WITH THE TEXAS COURT OF CRIMINAL APPEALS.

WHAT THE DIRECT APPEALS COURT AT TYLER IS TELLING APPELLANT IS THAT T.R.E RULE 402 IS IGNORED AND THAT IRRELAVANT EVIDENCE IS ADMISSABLE.

AND THE SAME APPLYS TO T.R.E RULE 403

T.R.E RULE 901 (REQUIREMENT OF AUTHENTICATION AND/OR IDENTIFICATION) CONCERNS A "IDEM SONANS" DOCTRINE OF A "FATAL VARIANCE" AS APPELLANT HAS BEEN ACCUSED, INDICTED, CONVICTED AND SENTENCED TO LIFE WITHOUT PAROLE FOR THE MURDER OF "Alicia Moore" THE PERSON/BODY FOUND DEAD IS THAT OF BIRTH CERTIFICATE NAME IS "Alicia CHANTE PERKINS".

THERE WAS/IS NO EVIDENCE WHAT SO EVER APPELLANT COMMITTED MURDER.

THANK YOU FOR CONSIDERATION IN MY CAUSE.

5/11/16

# IDENTIFICATION OF THE PARTIES

MICHAEL VINCENT MOORE, APPELLANT/DEFENDANT
TDCJ NO. 02002686 (INCARCERATED)
2664 FM 2054
TENNESSEE Colony, TEXAS 75886

ATTORNEY JOHN A. SCOTT, COUNSEL FOR DEFENDANT AT TRIAL AND APPEAL:
107 E. TYLER STREET
ATHENS, TEXAS 75751

CHRIS MARTIN, DISTRICT ATTORNEY/PROSECUTER AT TRIAL
RICHARD SCHMIDT, ASST. DISTRICT ATTORNEY AT TRIAL
400 S. BUFFALO
CANTON, TEXAS 75103
VAN ZANDT COUNTY, TEXAS

HONORABLE JUDGE TERESA DRUM, JUDGE AT TRIAL
294TH JUDICIAL DISTRICT COURT
COUNTY COURT HOUSE
121 E. DALLAS STREET, SUITE 301
CANTON, TEXAS 75103
VAN ZANDT COUNTY, TEXAS

# INDEX OF AUTHORITY

PAGE

BRANDLEY V. STATE, 691 S.W. 2d 699, (1985) TO BRIEF FILED 48,4

BROOKS V. STATE, 323 S.W. 3d 893, (2010) 27

CARLSON V. STATE, 654 S.W. 2d 444, (1983) 48,51

COBLE V. STATE, 330 S.W. 3d 253, (2010) 51

COVER V. STATE, 913 S.W. 2d 611, (1995) 46

DENBY V. STATE, 654 S.W. 2d 457, (1983) 47,48

FLORES V. STATE, 551 S.W. 2d 364, (1977) 48

GARCIA V. STATE, 495 S.W. 2d 257, (1973) 47

JACKSON V. VIRGINIA, 443 U.S. 307, 61 L. ED. 2d 560, 99 S. CT. 2781 (1979)

27, 47, 48

JOHNSON V. STATE, 967 S.W. 2d 410, (1998) 27

LLAMAS V. STATE, 12 S.E. 3d 469, (2000) 53

LOCKHART V. NELSON, 488 U.S. 33, 102 L. ED. 2d 265, 109 S. CT. 285 (1988) 27

MONTGOMERY V. STATE, 820 S.W. 2d 372, 378-79 (1990) 52

MOTILLA V. STATE, 78 S.W. 3d 353, 355, (2002) 53

MUNIZ V. STATE, 851 S.W. 2d 238, (1993) 27

SKELTON V. STATE, 795 S.W. 2d 162, (1989) 47,48

STAHL V. STATE, 749 S.W. 2d 826, (1988) 50,54

WILLIAMS V. STATE, 840 S.W. 2d 449, (1991) 53

## RULES:

TEX. PEN. CODE § 19.03 28

TEX. PEN. CODE § 22.01 44

TEX. PEN. CODE § 22.021 44

TEX. RULES. EVID. 402 51

TEX. RULES. EVID. 403 51,53

TEX. RULES. EVID. 901 53

TEX. R. APP. RULE 39 5

TEX. R. APP. P. 38.2 (A) 5

TRAP. 21.8 6

(iv)

## STATEMENT REGARDING ORAL ARGUMENT

APPELLANT ASSERTS PURSUANT TO TEX. R. APP. RULE 39, HE NOW CITES TO WAIVE ORAL ARGUMENT IN THIS: "PETITION FOR DISCRETIONARY REVIEW", FROM TWELFTH DISTRICT COURT OF APPEALS CAUSE NO. 12-15-00137-CR AS TRIAL COURT NO. CRI3-00337 FROM 294TH JUDICIAL DISTRICT COURT, TEXAS.

## STATEMENT OF THE CASE

ON July 30, 2013 IN CAUSE NO. CRI3-00337, MICHAEL VINCENT MOORE THE APPELLANT WAS INDICTED FOR THE OFFENCE OF CAPITAL MURDER, ALLEGED TO HAVE OCCURED ON OR ABOUT NOVEMBER 6, 2012. (C.R.9) THE CASE WAS TRIED BEFORE A JURY AND APPELLANT PLEAD "NOT GUILTY" TO THE OFFENSE. ON THE COURTS' CHARGE TO JURY, THE JURY RETURNED A GUILTY VERDICT OF LIFE SENTENCE TO CAPITAL MURDER WITHOUT PAROLE. (C.R.8, 205, 219) APPELLANT FILED A MOTION FOR NEW TRIAL AND MOTION IN ARREST OF JUDGEMENT. (C.R.P. 230). APPELLANT'S MOTIONS WERE DENIED PURSUANT TO T.R.A.P. 21.8 WHEN THE COURT DID NOT TIMELY RULE ON THE MOTIONS WITHIN 75 DAYS IN ERR.

## ISSUES PRESENTED

1. INSUFFICIENT EVIDENCE TO SUPPORT SAID CONVICTION FOR CAPITAL MURDER.

2. CAPITAL MURDER CONVICTION WAS BASED ON CIRCUMSTANTIAL EVIDENCE WITH NO MOTIVE TO MURDER Alicia Moore AS EVIDENCE PRESENTED SUPPORTS AN INFERENCE OTHER THAN THE GUILT OF APPELLANT AS JURY'S FINDING TO A GUILTY VERDICT WAS NOT A RATIONAL FINDINGS.

3. THE AGGREGATED EFFECT OF ERRONEOUS RULINGS BY THE TRIAL COURT IN ALLOWING THE JURY TO HEAR OBJECTIONABLE AND INADMISSIBLE EVIDENCE IRREPARABLY HARMED APPELLANT AND APPELLANT SHOULD HAVE BEEN ORDER THE GRANTED NEW TRIAL BY TRIAL COURT AND/OR COURT OF APPEALS.

(V)

# PROCEDURAL HISTORY

ON July 30, 2013 IN CAUSE No. CR13-00337 MICHAEL VINCENT MOORE, APPELLANT WAS INDICTED FOR CAPITAL MURDER OF ALICIA MOORE ALLEDGED TO HAVE HAPPENED ON OR ABOUT NOVEMBER 6, 2012.

ON MAY 8, 2015, JUDGEMENT WAS ENTERED AS APPELLANT WAS FOUND GUILTY OF CAPITAL MURDER AND SENTENCED TO LIFE WITHOUT PAROLE IN TEXAS DEPARTMENT OF CRIMINAL JUSTICE PRISON DIVISION.

ON SEPTEMBER 30, 2015 APPELLANT'S BRIEF TO COURT OF APPEALS WAS PRESENTED BY APPELLATE COUNSEL JOHN A. SCOTT AND ALSO A TRUE CORRECT COPY WAS EMAIL TO APPELLEE'S ATTORNEY OF RECORD AT MR. CHRIS MARTIN, VAN ZANDT COUNTY D.A., 400 SOUTH BUFFALO CANTON, TEXAS 75103.

COURT OF APPEALS TWELFTH DISTRICT OF TEXAS AT TYLER ON APRIL 29, 2016 HAS ISSUED AFFIRMATIVE FINDING IN ERR TO APPELLANT'S BRIEF AND NOW APPELLANT FILES TIMELY "PETITION FOR DISCRETIONARY REVIEW" WITH THE TEXAS COURT OF CRIMINAL APPEALS

# STATEMENT OF FACTS

JESSICA BYRD, TESTIFIED TO BEING THE AUNT OF THE VICTIM ALICIA MOORE IN THIS CASE (16 RR, 30-31), DEBORAH MOORE IS JESSICA'S MOTHER. (16RR 30), JESSICA IS MARRIED TO KENNE BYRD, (16RR 30). IN ON NOV. 2012 JESSICA, KENNETH, ARETHA, DEBORAH, ALICIA AND A GREAT UNCLE MICHAEL WOFFORD, WERE ALL LIVING IN THE SAME HOUSE IN GREENVILLE, TEXAS, (16RR, 42 APPELLANT IS JESSICA'S UNCLE (16RR 34). ALICIA WAS 16 AT THIS TIME. (16RR 38). JESSICA LAST SEEN ALICIA THURSDAY NIGHT AT THE RESIDENCE (16RR 42), JESSICA AND KENNETH WERE MOVING INTO A NEW HOME IN GREENVILLE IN WHICH THEY SPENT THAT NIGHT. (16RR 30-4 ON NOV. 2, 2012 JESSICA ARRIVED HOME FROM WORK AT 7:00PM AND ALICIA WAS NOT HOM AND DID NOT GET OFF THE BUS AT 7:00. (16RR 42). ALICIA DID NOT HAVE A CELL PHONE BUT DID HAVE A "IPAD" WITH HER. (16RR 44). DEBRA AND ARETHA WENT TO GREENVILLE POLIC DEPT. TO FILE A MISSING PERSON'S REPORT. (16RR 50). AS ON NOV. 6, 2012 FAMILY MEMB S) WERE AT THE HOME HAVING PRAYER CIRCLE ON THE PORCH. (16RR 69). APPELLANT TEXT SAYING HE WAS ON HIS WAY AT 11:00AM. (16RR 69).

ON WEDNESDAY MORNING, NOV. 6, 2012 THE FAMILY LEARNED ALICIA'S BODY HAD BEEN FOUND. (16RR 70). IT IS A KNOWN FACT THAT FOUR MONTHS EARLIER, ALICIA WAS HAVING SEX WITH A 50 YEAR OLD MAN NAME TERRY RAMSHIRE. (16RR 80). HE WAS CHARGED AND CONVICTED OF 3-COUNTS OF SEXUAL ASSAULT OF ALICIA BEING AGE 16. (16RR 82-83). ONLY MIKE WOFFORD WAS HOME ALL DAY WHEN ALICIA DISAPPEARED. (16RR 87-88). WOFFORD IS AN ALCOHOLIC WHO DRINKS ALL DAY AND DOES NOT WORK AT ALL, AND HE MOVED OUT OF THE HOUSE RIGHT AFTER ALICIA'S DEATH. (16RR 107).

JESSICA HAD WATCHED A VIDEO OF ALICIA GETTING OFF THE BUS AT 3:30PM THAT DAY OF HER DISAPPEARANCE. (16RR 89). JESSICA HAD TOLD POLICE TO INTERVIEW TOBIAS WHETSTONE AS A SUSPECT AND HER BOYFRIEND. (16RR 92-94). APPELLANT HAD LIVED IN CALIFORNIA BUT MOVED TO GRAND PRAIRIE, TEXAS TO TAKE CARE OF HIS FATHER PAUL MOORE. (16RR 95-96). APPELLANT IS GAY AS FAMILY KNEW (16RR 10 JESSICA NEVER SEEN ANYTHING UNUSUAL BETWEEN APPELLANT AND ALICIA. (16RR 97), ON RECALL BY THE STATE, STATES EXHIBIT NO. 72 WAS INTRODUCED THROUGH JESSICA - AS A LETTER BY APPELLANT THAT HE SAID THE DNA EVIDENCE OF HIM TO ALICIA WAS PLANTED. (18 RR 19).

(2)

# CONTINUATION: STATEMENT OF FACTS

THE MOORE FAMILY DID NOT HAVE RELATIVES IN WILLS POINT AREA WHERE ALICIA BODY IN A STORAGE TRUNK WAS PLACED BESIDE THE ROAD AND FOUND. (18RR 20-24) WHICH JESSICA HAD NEVER SEEN BEFORE.

ARETHA MOORE, ALICIA'S MOTHER TESTIFIDE ON BEHALF OF THE STATE (16RR 135). ARETHA KNOWS ALICIA GOT OFF THE BUS AT 3:30PM THAT DAY AS SEEN ON SCHOOL BUS RECORDED VIDEO, (16RR 175). ARETHA TESTIFIED THAT APPELLANT HAD A GOOD RELATIONSHIP WITH ALICIA. (16RR 142).

ON NOV. 2, 2012 THE NIGHT ALICIA DISAPPEARED, MIKE WOFFORD WAS lAST PERSON AT HOME TO SEE ALICIA ALIVE. (16RR, 147-149) AND (16RR, 151-152).

IT IS ALLEGED BY STATE PROSECUTOR, APPELLANT MURDERED ALICIA ON NOV. 6, 2012 BUT AS EVIDENCE SHOWS INCONSISTENT TO THAT DATE, THE BODY OF ALICIA WAS IN FIRST STAGE OF COMING OUT OF RIGOR MORTIS...[] (17RR 32-34).

SWIFS LAB IN DALLAS (17RR 42-43) AS RANGER ADCOCK OBSERVED TRAUMA TO BOTH ANUS AND THE VAGINA OF ALICIA. (17RR 43). THE MEDICAL EXAMINER ADVISED DEAT WAS RULED HOMICIDE DUE TO STRANGULATION, (17RR 43).

TWO AND AHALF MONTHS LATER DPS LAB MATCH DNA TO APPELLANT AS QUESTIONE ISSUE, (17RR 56-59). TO DRIVE TO GREENVILLE FROM GRAND PRAIRIE TAKES APPROX- IMATELY AN HOUR AND FIFTEEN MINUTES. (17RR 136). NO OTHER CITED EVIDENCE OF HOME OR VEHICLE OF APPELLANT LINKED HIM TO ALICIA, (17RR 119-131).

ADDITIONAL SUSPECTS WERE ALLEGED TO. (17RR 163) THEY WERE LINKED TO A WHITE LINCOLN CONTENENTAL WHERE lINKED VEHICLE WAS SEEN ON THE DAY THE TRUNK WAS FOUND - OBSERVED. (17RR 165-166).

A SECOND SPECIMEN TESTING OF DNA ON NIPPLES AND ANAL OF ALICIA SHOWED A SECOND SUSPECT, COULD DO ANY COMPARISING? (18RR 101).

STEPHENSON SEEN ALICIA EXIT SCHOOL BUS, GET INTO HISPANIC PERSONS VEHICLE? (18RR 125-136).

(3)

# ARGUMENT SUMMARY

ISSUE NUMBER 1:   AS EVIDENCE WAS INSUFFICIENT TO SUPPORT SAID APPELLANTS' CONVICTION, AS SEE PAGE-27 OF COURT OF APPEALS APPELLANT BRIEF EXPLAINATION OF AND LEGAL SUFFICIENCY PAGE-27 CITING TO BROOK v. STATE, 323 S.W.3d 893, 895 (TEX. CRIM. APP. 2010); JACKSON v. VIRGINIA, 443 U.S. 307, 318-19 (1979); LOCKHART v. NELSON, 488 U.S. 33, 41-42, 102 L.Ed. 2d 265, 109 S. CT. 285 (1988) AND MUNIZ v. STATE, 851 S.W. 2d 238, 246 (TEX. CRIM. APP. 1993) CITES AS TO ERR BY THE COURT OF APPEALS DECISION INCONSISTENT THAT JURY REACHED A RATIONAL DECISION. (JOHNSON v. STATE, 851 S.W. 2d 238, 246 (TEX. CRIM. APP. 1993).

# ARGUMENT

IN REQUIRED PROVEN ORDER THE STATE NEEDED TO PROVE BEYOND A REASONABLE DOUBT THAT APPELLANT INTENTIONALLY AND KNOWINGLY CAUSED THE DEATH OF ALICIA MOORE BY STRANGULATION WHILE IN ATTEMPT TO AGGRAVATED SEXUAL ASSAULT AS A GAY MAN (C.R.9) SEE TEX. PENAL CODE § 19.03.

THE LACK OF EVIDENCE TO SUPPORT JURY'S VERDICT AND NOT ONE SINGLE PHONE CALL CAME IN ALLEGING APPELLANT WAS SUSPECT. (RR17,191). THE STATE'S ALLEGATION APPELLANT PICKED UP ALICIA WHEN SHE GOT OFF THE SCHOOL BUS ON NOV. 2, 2012, HELD HER IN CUSTODY THEN RAPED/MURDERED HER ON NOV. 6, 2012 THEN WITHOUT A VEHICLE OVER 100 MILES AWAY, DUMP HER BODY BESIDE THE ROAD IN WILLS POINT AS NO PHONE RECORDS WERE FOUND AND INCONSISTENT TO SHENAE STEPHENSON'S WITNESS STAND TESTIMONY OF POSSIBLE HISPANIC IN A 4 DOOR BLACK TRUCK (RR18,125-133), SEE PAGE 25 APPELLANT'S BRIEF TO COURT OF APPEALS.

SEE BRIEFS PAGES 28-46 DETAILING ISSUES OF NO EVIDENCE NOR SHOULD HE HAVE BEEN CITED AS SUSPECT NOR CONVICTED OF MURDER AS THE TRIAL JURY AND COURT OF APPEALS ERRED IN THEIR FINDINGS.

# ARGUMENT SUMMARY

ISSUE NUMBER 2: APPELLANT HAD NO MOTIVE, NO EVIDENCE TO HAVE SUPPORTED VERDICT AS JURY'S FINDINGS TO GUILT WERE NOT RATIONAL FIND AS SEE PAGE-47 OF COURT OF APPEALS APPELLANT BRIEF EXPLAINATION OF AND ARGUMENT AND ANALYSIS CITING GARCIA V. STATE, 495 S.W.2d 257 (TEX. CRIM. APP. 197 WILLIAMS V. STATE, 840 S.W.2d 449, 460 (TYLER APP. 1991)(PET. DENIED).; JACKSON V. VIRGI 443 U.S. 307, 99 S.CT. 2781, 61 L.ED.2d 560 (1979) CITES THE FINDING OF GUILT MUST BE PROVEN BEYOND A REASONABLE DOUBT AS A RATIONAL FINDING.; DENBY V. STATE, 654 S. 2d 457, 464 (TEX. CR. APP. 1983); SKELTON V. STATE, 795 S.W.2d 162, 167 (1989).;

SEE PAGE-48 OF BRIEF CONTINUE EXPLAINATION CITING TO FLORES V. STATE, 551 S.W.2d 364, 367 (1977); CARLSEN V. STATE, 654 S.W.2d 444, 448-49 (1983); E.G., SKELTON V. STATE 795 S.W.2d 162, 167 (1989); BRANDLEY V. STATE, 691 S.W.2d 699, 703-04 (1985); DENBY V STATE, 654 S.W.2d 457, 464 (1983); DENBY V. STATE, 654 S.W.2d AT 464.

APPELLANT HAS CITED THIS ANALYSIS REQUIRED "A PROCESS OF ELIMINATION" OF THE GUILT O THOSE OTHER THAN THE ACCUSED IN ORDER TO "EFFECTIVELY CONCLUDE THAT EVIDENC RATIONALLY ESTABLISHES THE ACCUSED'S GUILT BEYOND A REASONABLE DOUBT. L.P. PHILLIPS, CBS RADIO REPORTER INTERVIEWED APPELLANT IN JAIL IN WHICH AS DISCLOSED MOORE/APPELLANT NEVER LEFT HIS HOME ON NOV. 2, 2012 BECAUSE HIS TRUCK HAD BROKE DOWN THAT FRIDAY. (S.E. NO. 76) PAGE-23 OF BRIEF.

AMBER MOSS TESTIFIED TO NIPPLE AND ANAL SWABS WHICH CONTAINED PARTIAL DN PROFILES FROM THE SAMPLES WAS CONSISTENT WITH VICTIM AND A SECOND CONTRIBUTOR, OTHER THAN APPELLANT, BUT BEING SO MINOR NOT ABLE TO DO COMPARISONS. (18 RR, 101). CITED ON PAGES 23, 24 OF BRIEF LEAVING SUSPICIO OF SOME OTHER SUSPECT AND NOT APPELLANT MOORE AS THE MURDERER BEYOND REASONABLE DOUBT.

IN FACT, THE COURT OVER OBJECTIONS BY DEFENDANT ALLOWED (17RR81; STATE EVIDENCE NO. 27) AS RANGER CITES TO INACTIVITY OF CELL PHONE PERIODS? (17RR83).

# ARGUMENT SUMMARY

ISSUE NUMBER 3: ERRONEOUS RULINGS BY THE TRIAL COURT IN ALLOWIN THE JURY TO HEAR OBJECTABLE AND INADMISSABLE EVIDENCE IRREPARABL HARMED APPELLANT AND HE SHOULD BE GRANTED A NEW TRIAL AS THE COURT OF APPEALS ERRED IN ITS RULING AND OPINION. SEE PAGE-50, OF BRIEF TO COURT OF APPEALS AS CITED/CITING ARGUMENT AND ANALYSIS.

AT PARA, ARGUMENT AND ANALYSIS CITING THE UNQUESTIONABLE AFFECT OF ERROR TO APPELLANT'S SUBSTANTIAL RIGHTS CITING TO STAHL V. STATE, 749 S.W. 2d 826 (1988) AND TO OBJECTION TO STATE'S EXHIBIT NO. 27 (18RR, 62-67) CONTINUE PAGE-51 AS IN ERR HEARSAY INADMISSIBLE TESTIMONY IN THE DOCUMENT OVER OBJECTION AND ALLOWED THE RANGER TO TESTIFY TO THE RECORDS. (19RR, 87-88). CITING COBLE V. STATE, 330 S.W. 3d 253 (2010) AND T.R.E 403 CONTINUE ON PAGE-52; MONTGOMERY V. STATE, 820 S.W. 2d 372, 378-79 (1990 AND TEXAS RULE OF APP. PROC, 44.2(b) AND CONTINUE PAGE-53 CITING LLAMAS V. STATE, 12 S.W. 3d 469, 471 n.2 (2000); MOTILLA V. STATE, 78 S.W. 3d 353, 355 (2002); T.R.E. 901; T.R.E. 403 CONTINUE PAGE 54 AS THE END OF APPELLANT BRIEF TO THE COURT OF APPEALS AS AT (17RR 79) RANGER ADMITTED HE COULD NOT TESTIFY TO ANY ACCURATE AND AUTHENTIC RECORDING OF ORIGINAL FOOTAGE (17RR 77) AS THE COURT IN ERR OVER RULED OBJECTION ADMITTED EVIDENCE (17RR 78-79) CONTINUE PAGE-54 CITING STAHL V. STATE AGAIN. RANGER ADCOCK INTENTIONALLY OVERLOOKED THE FACT THAT THE CRIME MAY AS WELL WAS A HATE CRIME DUE TO THE BACKWARD "SWASTIKA" AND THE WORDS "NIGGER WHORE" WAS SPRAY-PAINTED INSIDE THE WICKER TRUNK, WHERE THE VICTIM WAS FOUND, ALSO NOTE: UPON RECEIVING MY COPY OF THE COURT TRANSCRIPTS OF MY TRIAL THAT WAS SUBMITTED TO THE COURT OF APPEALS AT TYLER, TEXAS., I HAVE DISCOVERED THE "VIOR DIOR" IS NOT INCLUDED/ENCLOSED AND IS ACTUALLY MISSING FROM ENTIRE TRANSCRIPTS, THEREFORE THE TRANSCRIPTS WERE/ARE INCOMPLETE).

(6)

## CONCLUSION    PRAYER FOR RELIEF

APPELLANT MOVES THIS COURT WITH HIS PRAYER TO GRANT HIS "PETITION FOR DISCRETIONARY REVIEW" AND RULE WITH HIS CITED MERITED REQUEST FOR ACQUITTAL AND/OR REMAND BACK TO TRIAL COURT TO HAVE NEW TRIAL AND RESOLVE CITED ISSUES BROUGHT NOW FORE TO THE COURT OF CRIMINAL APPEALS.

## CERTIFICATE OF NOTICE/SERVICE

I APPELLANT, MICHAEL VINCENT MOORE, TDCJ NO. 2002686, SWEAR TO MY HONEST AND TRUE BELIEF I HAVE FORWARD A SINGLE PAGE NOTICE TO THE COURT OF APPEALS OF FOREGOING:

"PETITION FOR DISCRETIONARY REVIEW" By MY SIGNATURE BELOW AND ADDRESS LISTED BELOW, I DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING DOCUMENT WAS SENT BY REGULAR U.S. MAIL TO THE LISTED ADDRESSES ON THIS THE 11 DAY OF MAY, 2016.

MICHAEL V. MOORE
TDCJ NO. 2002686

## INMATE DECLARATION

I, MICHAEL V. MOORE, DO SWEAR ALL THE FOREGOING ALLEGATIONS IN "PETITION FOR DISCRETIONARY REVIEW" ARE ALL TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE ON THIS SAID FOLLOWING DATE OF:

DATE: MAY 11, 2016

MICHAEL V. MOORE #2002686
2664 FM 2054
TENNESSEE COLONY, TX 75886

(7)

# NO. 12-15-00137-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL VINCENT MOORE,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, Michael Vincent Moore, appeals his conviction for capital murder for which he was sentenced to imprisonment for life without parole. In two issues, Appellant contends the evidence is insufficient to support the jury's verdict. In a third issue, Appellant maintains that "[t]he aggregate effect of erroneous rulings by the trial court in allowing the jury to hear objectionable and inadmissible evidence irreparably harmed [him] and [he] should be granted a new trial." We affirm.

## BACKGROUND

Alicia Moore, the sixteen year old victim, was seen on film from the school bus video camera alighting from the bus at her home at 1900 Gibbons Street in Greenville, Texas, at 3:30 p.m., November 2, 2012. She never made it to the house. Her alcoholic unemployed great-uncle, Mike Wofford, was the only person at the house at that time of day. He testified that he never saw her. When Alicia did not return by 8:00 p.m., her family started searching for her, reported her missing to the police, and posted flyers around town asking for help in locating her.

On November 5, 2012, Texas Department of Transportation workers found a black wicker trunk containing Alicia's nude body three and one-half miles north of Wills Point in Van Zandt County. When her body was removed from the trunk, investigators found the words

"nigger whore" written in spray paint on the bottom of the trunk. A backward facing swastika was painted inside the trunk lid. Alicia's body showed multiple ligature marks around the neck and throat and abrasions on her face and head.

The justice of the peace who pronounced her dead ordered an autopsy. The medical examiner performed the autopsy at 7:30 p.m., November 7, 2012. The medical examiner determined that Alicia had been sexually assaulted and that her death resulted from strangulation. Samples of semen were recovered from Alicia's vagina and anus. Scleral hemorrhages in Alicia's eyes indicated that she was alive when she sustained her injuries. Alicia's anus was abnormally dilated and showed small abrasions consistent with sexual assault. Vaginal lesions and tears evidenced trauma. Redness surrounding the injuries indicated a high likelihood that Alicia was alive when she sustained the trauma to her vagina and anus. Her injuries were also fresh—evidence that the trauma to her genitals happened shortly before her death.

On the day Alicia disappeared, she was living at 1900 Gibbons Street with five adult family members: her mother, Aretha Moore; her grandmother, Deborah Moore; her aunt (and mother's sister) Jessica Byrd; Jessica's husband, Kenneth Byrd; and the great-uncle, Michael Wofford.

Appellant is grandmother Deborah Moore's brother, and therefore Alicia's great-uncle. He had returned from California to Grand Prairie, Texas, to help take care of his ailing father. He came down to visit his Greenville relatives every other weekend. Appellant appeared to have a warm relationship with Alicia. He was teaching her to bake, he took her to the store, and he also bought her presents. On at least one occasion, he took Alicia to Grand Prairie for a visit with Sheila, another relative. None of the family observed anything inappropriate in their relationship.

DNA samples were collected from Kenneth Byrd and Michael Wofford, the two male members of the household, and from Appellant. DNA samples were also obtained from Tobias Whetstone, Alicia's boyfriend. Others tested included Joseph Warmke, Jacob Allen, and Robert Bell. Appellant is an African-American. All contributors tested were eliminated as possible contributors to the sample from Alicia's body except Appellant.

Texas Ranger Michael Adcock was present when Alicia's body was taken from the wicker trunk. He led the investigation until its conclusion. When he was notified of the DNA testing results, he did not immediately arrest Appellant. He obtained and executed search

2

warrants for Appellant's house and car. An analysis of the various items seized yielded nothing connecting Appellant to Alicia's murder. Ranger Adcock also obtained Appellant's cell phone records. These showed possibly significant gaps in usage on the day of Alicia's disappearance and on the day her body was discovered. No fingerprints could be obtained from the wicker trunk where Alicia's body was found.

Jessica Byrd, Alicia's aunt, received several letters from Appellant while he was in jail awaiting trial. In one of those letters, Appellant stated that he believed the DNA evidence was planted by the police, and that the police had filed "false documents" in his case.

The trial court admitted into evidence, over Appellant's objections on Rule 403 grounds, a recorded statement he gave to CBS radio reporter L.P. Phillips. In the statement, Appellant mistakenly mentioned that investigators had found some of Alicia's hair in his car. When the trial court admitted this into evidence, the jury had already heard Ranger Adcock testify that his investigation discovered no evidence connecting the victim to Appellant's vehicle.

Shenae Stephenson testified for the defense. Shortly after Alicia's disappearance, Shenae saw a news report regarding Alicia's family's efforts to find her. She remembered that on the afternoon of November 2, 2012, she was driving behind a school bus when it stopped and let a girl get off. She observed that as the girl got off the bus, a newer model black truck made a quick turn and began to slowly follow the girl. Shenae thought this was suspicious so she "drove around and made another quick turn, but I didn't see her." She got a good look at the truck driver and the girl. The truck driver was an Hispanic man with black hair parted on the side. She was certain that the girl she saw get off the bus was the same girl whose picture she had seen on the TV news. However, she did not see the girl in the truck. She reported what she had seen to the police on November 7, 2012. According to her testimony, the police did not get in touch with her thereafter.

The case's notoriety complicated its investigation. There was a two and one-half month interval between the murder and the receipt of the DNA analysis. During that time, the investigators received numerous leads and a plainly bogus confession. Considerable investigative effort was expended in following these leads, but none produced useful information.

3

## EVIDENTIARY SUFFICIENCY

In his first issue, Appellant contends that the evidence is insufficient to support his conviction. In his second issue, Appellant maintains that the evidence against him is circumstantial, and the evidence presented supports an inference other than his guilt. Therefore, he contends the jury's finding of guilt was not a rational finding.

### Standard of Review and Applicable Law

Appellate review of the sufficiency of the evidence requires that all of the evidence should be viewed in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). A review of all the evidence includes evidence that was properly and improperly admitted. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). "Direct and circumstantial evidence are treated equally: 'Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007)). Since *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991), appellate review of evidentiary sufficiency in circumstantial evidence cases no longer requires that the evidence exclude every reasonable hypothesis other than the defendant's guilt. *Id.* at 161.

A person commits a capital felony if he (1) intentionally or knowingly causes the death of an individual (2) in the course of committing or attempting to commit aggravated sexual assault. TEX. PENAL CODE ANN. §§ 19.02(b)(1) (West 2011), 19.03(a)(2), (b) (West Supp. 2015).

### Discussion

Appellant argues that the State's theory of the case is that he picked Alicia up, held her in his custody, violently sexually assaulted her, murdered her, and dumped her body just north of Wills Point in Van Zandt County. He points out that no eyewitness claimed to see Alicia with Appellant during her disappearance; that there was evidence that he never left his home in Grand Prairie on the day she disappeared because his truck would not run; and that no evidence, including telephone records, surveillance footage, or receipts, placed him in Van Zandt County.

There was nothing found on the computers taken from Appellant's home that showed he communicated with Alicia. Investigators found nothing in their search of Appellant's home and

4

car that connected Appellant to the murder. None of Alicia's personal items, such as her iPad, orange backpack, makeup, or combs, were ever found.

Appellant emphasizes that the evidence demonstrates he had a cordial relationship with Alicia. His conduct when he was with her and during her disappearance never excited suspicion. All the family regarded Appellant as gay—an orientation, he insists, that is inconsistent with the crime.

Appellant points to the jury's failure to consider more obvious suspects. Alicia's alcoholic great-uncle, Mike Wofford, was the only person at home when she got off the school bus. Several people in Greenville gave information to the Greenville police that Omes and Adrian Gray were involved in Alicia's abduction and death.

Dee Williams contacted WFAA news in Dallas on Facebook and said he had been paid $5,000 by Alicia's mother to kill Alicia. When Williams failed to show up for a meeting with investigators, they dismissed the confession as unreliable and did not pursue an investigation of Williams.

When Alicia disappeared, Terry Rasmire was in the Hunt County jail awaiting trial for sexually assaulting her the summer before when she was fifteen. Appellant claims no one had a more obvious motive to have Alicia killed than Rasmire. Appellant hypothesizes other more improbable explanations of her disappearance and murder.

Appellant's semen was found inside Alicia's body. Forensic scientist, Amber Moss, told the jury that the chances of another African-American matching the DNA profile of Appellant were "one in 93.46 million." The injuries to her anus and vagina indicated that she was the victim of a violent sexual assault. Redness surrounding the wounds demonstrated she was probably alive during the attack. It was the medical examiner's opinion that because the injuries to her anus and genitals were still fresh, it was reasonable to infer that the sexual assault occurred shortly before her death. It is also a reasonable inference that her assailant then strangled Alicia to conceal his identity.

The evidence shows that Appellant had what appeared to be a cordial relationship with Alicia. He was her grandmother's brother. He visited her home every other weekend, and took her shopping. It is reasonable to infer that he was familiar with her schedule. He was a person Alicia would have trusted.

Viewed in the light most favorable to the verdict, the evidence is sufficient for a rational trier of fact to find beyond a reasonable doubt that Appellant intentionally or knowingly caused Alicia Moore's death while committing aggravated sexual assault.

Appellant's first two issues are overruled.

## EVIDENTIARY CHALLENGES

In Appellant's third issue, he complains that he was irreparably harmed by the "aggregate effect of erroneous rulings by the trial court in allowing the jury to hear . . . inadmissible evidence." In this issue, Appellant argues the trial court reversibly erred (1) in admitting his cell phone records, (2) in allowing the admission of a recorded statement he gave to CBS radio reporter L.P. Phillips, and (3) in admitting a WFAA Channel 8 news report in which he appeared. We review the trial court's rulings admitting or excluding evidence for abuse of discretion. *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007).

### Cell Phone Records

Appellant objected to the admission of his cell phone records because (1) they contain inadmissible hearsay and (2) the information they contain is not relevant to any issue in the case." When the trial court overruled his objection to their admission, Appellant moved for a mistrial, which was also overruled.

The trial court admitted Appellant's cell phone records under the business records exception to the hearsay rule. Texas Rule of Evidence 803(6) creates an exception to the hearsay rule for a record of an "act, event, condition, opinion, or diagnosis" if the record was made by a person with knowledge of the events or from information transmitted by a person with such knowledge. Business records admissible under this rule can be admitted for the truth of the matters asserted in those records. *See Tex. Alcoholic Beverage Comm'n v. Sanchez*, 96 S.W.3d 483, 489 (Tex. App.—Austin 2002, no pet.). Hearsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule. TEX. R. EVID. 805.

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401. Evidence that is not relevant is inadmissible. TEX. R. EVID. 402.

6

Appellant does not contend that cell phone records are not business records contemplated by the rule. Nor does he challenge the predicate for their admission. The information in the cell phone records, although hearsay, is admissible for the truth of the matters asserted therein except for objectionable hearsay within hearsay. Appellant points to no specific information in the records that he claims is hearsay within hearsay.

Appellant's cell phone activity volume and the locations from where the calls were made were relevant to the accused's whereabouts and activity during the days surrounding Alicia's disappearance and death. The trial court did not err in overruling Appellant's objection to their admission nor in overruling his motion for mistrial.

### Radio Statement

Appellant maintains the trial court erred in admitting a recorded statement that he gave to CBS radio reporter L.P. Phillips in which he stated that the police had found hair evidence in his truck. When Appellant's statement was admitted, Texas Ranger Adcock had already testified that they had been unable to find anything incriminating in Appellant's truck.

Appellant objected under Texas Rule of Evidence 403 that the probative value of the evidence was substantially outweighed by the danger of unfair prejudice and of misleading the jury. Appellant argues that because his statement was incorrect, it had no probative value. He also claims that the statement might lead the jurors to speculate that other evidence had been found but was withheld from them.

It is reasonable to infer from Appellant's misstatement that he believed the police had found Alicia's hair in his truck, because he knew she had been there. The evidence was prejudicial to Appellant's defense but not unfairly prejudicial. The trial court did not err in overruling Appellant's Rule 403 objection.

### Television News Story

Appellant also claims the trial court reversibly erred in admitting State's exhibit 28, a WFAA Channel 8 news report in which Appellant appeared. The State introduced the recording through Ranger Adcock. Appellant objected that the Ranger did not create the recording and could not be a sponsoring witness for it, and the Ranger had no way of knowing if this was a full and accurate copy of the original recording made by the news station. If admitted, Appellant argued, he should be entitled to the full recording. He objected that under Texas Rule of Evidence 901, the State could not satisfy the requisite predicate for its admission through Ranger

Adcock. Appellant also objected to the exhibit's admission under Rule 403. Ranger Adcock admitted that he could not testify that the exhibit was an accurate recording of the original footage made by WFAA. Appellant argues that harm from the admission of the exhibit is demonstrated by the prosecutor's closing argument based upon it.

> [Appellant's] statement to the news media, 'I'm over it,' he says this in February. 'I'm over it.'
> .... It could be consistent with guilt. It could be that he's over it because he's been grieving a lot longer than they have because he killed her.

The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. TEX. R. EVID. 901(a). Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. TEX. R. EVID. 403.

The WFAA Channel 8 news clip shows a neighborhood party remembering and celebrating Alicia's life on what would have been her seventeenth birthday. The party took place and the news segment was broadcast three months after Alicia's death and before Appellant's arrest.

Ranger Adcock saw the news segment as it was broadcast on WFAA. The same segment was on the WFAA website. Adcock testified that he recorded the story of Alicia's birthday party exactly as it was broadcast, and that the recording had not been altered or amended. The three people identified on the video are Alicia, her aunt Jessica, and Appellant.

We conclude there is sufficient evidence to support a finding that the video copy of the television news story about Alicia's birthday party is what its proponents claimed. The trial court did not abuse its discretion in overruling Appellant's Rule 901 objection.

The video shows a DJ spinning records while Alicia's friends and neighbors danced in the street. Appellant appeared baking cupcakes. The WFAA reporter described him as her uncle, a professional baker, who "had spent hours teaching Alicia to bake cupcakes." Viewed in the setting of her friends and family celebrating her life, Appellant's remarks seemed more in keeping with the mood of the gathering than out of the ordinary or a cause for suspicion.

The WFAA news story had, perhaps, some probative value in demonstrating Appellant's relationship with Alicia. But the report's sympathetic portrayal of Appellant falls far short of being so unfairly prejudicial as to substantially outweigh the news story's even limited probative value. The trial court did not err in overruling Appellant's Rule 403 objection to its introduction.

Appellant's third issue is overruled.

## DISPOSITION

Having overruled Appellant's three issues, we *affirm* the judgment of the trial court.

BILL BASS
Justice

Opinion delivered April 29, 2016.
*Panel consisted of Hoyle, J., Neeley, J., Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 29, 2016

NO. 12-15-00137-CR

**MICHAEL VINCENT MOORE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR13-00337)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Hoyle, J., Neeley, J. and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*